# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| Blake McGory, et. al., | Case No.: 3:24-cv-00567 |
| Plaintiffs | Judge: Jeffrey J. Helmich |
| vs. | **SECOND AMENDED COMPLAINT** |
| City of Sandusky, Ohio | Daniel L. McGookey (Reg. No. 0015771) |
| | **MCGOOKEY LAW OFFICES, LLC** |
| Defendant | 225 Meigs St. Sandusky, OH 44870 |
| | Phone: 419-502-7223 Fax: 419-502-0044 |
| | dmcgookey@mcgookeylaw.com |
| | Counsel for Plaintiffs |

## SECOND AMENDED COMPLAINT
## JURY DEMAND ENDORSED HEREON

Now come the Plaintiffs Blake McGory, individually ("Blake"), and on behalf of others similarly situated ("the Class Representative"), Elaine McGory, Jeffrey C. Larson and Earnest and Catherine Ettorre (together with Blake, "the Named Plaintiffs"), by and through Counsel, and hereby state their Amended Complaint as follows:

## PARTIES

1. The Named Plaintiffs are the owners of the adjoining properties located at 2050, 2054, 2056 ("2056") the vacant parcel ("Vacant Parcel") between 2056 & 2068, and 2068 ("2068") Cleveland Road, Sandusky, Ohio ("the Named Plaintiffs' Properties"). The Properties are within the City Limits of Sandusky.

1

2. The Class Representative seeks certification of a class consisting of those persons owning real estate located in a residential district within the City of Sandusky, Ohio, abutting a state highway ("the Proposed Class"), and that he be named the representative of the Proposed Class. The real estate involved is hereinafter referred to as "the Proposed Class Properties"). Upon information and belief, the Proposed Class consists of at least two hundred (200) persons.

3. Defendant City of Sandusky, Ohio ("the City") is an Ohio Municipal Corporation authorized under the State's Constitution to enact zoning ordinances.

## JURISDICTION

4. This Action is brought pursuant to R.C.§2721.03, seeking a declaration of this Court that a differentiation between application of City Zoning Ordinance Nos. 1129.06 (e) and (g) ("Differentiation"), is unconstitutional on its face as to all Plaintiffs and as applied to the Named Plaintiffs, and pursuant to FRCP 65 seeking a permanent injunction prohibiting Differentiation by the City in allowing all Plaintiffs the right to transient rent their properties.

## FACTS

5. 2050, 2054, 2056 and 2068 are improved with a residence, while the Vacant Parcel is unimproved. All the residences have three bedrooms.

6. The Named Plaintiffs and the Proposed Class Properties are all zoned Residential.

7. The Named Plaintiffs and the Proposed Class Properties abut a state highway, namely State Route 6.

8. All of the lots directly across State Route 6 from the Named Plaintiffs' Properties are zoned Roadside Business, as well as several in the immediate area on the same side of the Road (the south side).

9. In addition, the portion of State Route 6 in front of the Named Plaintiffs' Properties has become a highly travelled commercial and retail corridor. This fact is evidenced not only by the

2

existence of the Cedar Point Causeway intersection serving as the main access to the Amusement Park, and many business along this stretch of road, but also by the addition of the Sports Force Facility to the east, and plans for five (5) roundabouts, costing tens of millions of dollars to construct, beginning with one at the Causeway intersection to the west going to rye Beach Road to the east.

10. Blake has expended over Two Hundred Thousand Dollars ($200,000) in improvements to 2068 in the expectation that he would be able to rent the Property to transient renters (vacationers).

11. Sandusky Zoning Ordinance 1129.01 states the intent of zoning in Residential Districts to be as follows:

> (a) "Regulation of the bulk and location of buildings in relation to the land in order to obtain proper light, air, privacy, and usable open spaces on each zoning lot, as is appropriate for each district;
>
> (b) Protection from noxious fumes, odors, dust, excessive noises, invasion of abnormal vehicular traffic, and other objectionable influences;
>
> (a) Provision for the proper location of community facilities so as to increase the general convenience, safety, and amenities;
>
> (b) Regulation of the density and distribution or population in scale with community services and to avoid further congestion;
>
> (c) Promotion of the most desirable and beneficial use of the land, promotion of the stability, protection of the character of existing residential development, enhancement of land value, and conservation of the values of buildings, and bring about the eventual conformity with a well-considered community plan."

12. Sandusky Zoning Ordinance 1129.06 (e) creates an exception to the limitation of renting of rooms to transient tenants in Residential Districts by stating as follows:

> "(e)       Tourists' Rooms.  ***The renting from a resident family of not more than 3 rooms*** is permitted in residential districts on the lots abutting a state highway provided that:
>
> (1) The exterior character of the dwelling is not changed; and

3

(2) Any advertising sign does not exceed 5 square feet and is located not less than 10 feet from any lot line; and

(3) Off-street parking is provided as set forth in chapter 1149." (Emphasis added)

13. Subsection (d) of the foregoing Ordinance allows for the renting of rooms to transient tenants in areas not abutting a state highway under the same conditions set forth above but limits such rental to not more than two rooms, to not more than two transient renters.

14. Subsection (g) of the foregoing Ordinance, enacted by the City in 2017, establishes a "Transient Occupancy Overlay District, allowing for the renting of rooms or houses to transient tenants in the Overlay District. That Ordinance states in part as follows:

"(g)     Transient Occupancy Overlay District. *The renting from a resident family to other individuals for purposes of transient occupancy is permitted within an approved Transient Occupancy Overlay District.*

(1) Establishment of a Transient Occupancy Overlay District.

A. Initiation of Change: Whenever deemed appropriate and in the interest of the general welfare of the city, the City Commission of Planning Commission may initiate a Transient Occupancy Overlay District. *The overlay district shall be created to spur investment in declining geographical area with the goal of increasing property values and maintenance of homes in areas that are close in proximity to commercial and retail areas.*" (Emphasis added)

A copy of Zoning Ordinance 1129.01 and 1129.06 is attached as Exhibit A.

15. As part of the Zoning Amendment change in 2017, resulting in the addition of Subsection (g) to Ordinance 1129.06 establishing the Transient Occupancy Overlay District, the City also passed Ordinance 1341.32, regulating transient rental by City residents. That Ordinance, which regulates all transient rentals, including Renting of Rooms under Subsection (d) of 1129.06, Tourist Rooms under Subsection (d), and in the Transient Rental Overlay District under Subsection (g), states in part as follows:

4

**"1341.32 TRANSIENT RENTAL PROPERTY REGULATION.**

(a) <u>Purpose and Intent.</u> The purpose and intent of this section is to regulate the health, safety and wellness of the public, including the owners, occupants, ***and neighboring property owners of properties being utilized for transient occupancy within the City.***"

(c) <u>Definitions.</u>

(1) "Transient occupancy" means to use, occupy or possess, or the use, occupancy or possession of a dwelling or other living accommodation for a period of 30 consecutive calendar days or less.

(2) "Transient rental" means the renting, letting, subletting, leasing or subleasing ***of a dwelling*** for a period of 30 consecutive calendar days or less." (Italicized words emphasized)

Since both definitions refer to the occupancy or rental of a "dwelling", they are for purposes of distinguishing between the "Tourist Room" transient rentals and those in the Overlay District irrelevant.

16. Subsection (c) establishes a Code Enforcement Division for transient rental properties, Subsection (d), the contents of a Transient Rental Permit Application, Subsection (f), the Transient Rental Health and Safety Regulations, and Subsection (g), Enforcement Procedures for transient rental properties.

17. Except for the annual fee charged for Renting of Rooms and Tourist Rooms, the regulations, application requirements and enforcement are identical for all transient rental properties, whether or not the properties lie in the Transient Occupancy Overlay District. A copy of Ordinance 1341.32 is attached as Exhibit B.

18. The enacting Ordinance for 1129.06 (g) and 1341.32 was Ordinance No. 17-088. In part, that Ordinance stated as follows:

" **WHEREAS,** the purpose and intent of these amendments is to regulate the health, safety and wellness of the public. Including the owners. Occupants, ***and***

5

*neighboring property owners of properties being utilized for transient rental occupancy within the City…*" (Emphasis added)

A copy of Ordinance 17-088 is attached as Exhibit C.

19. In April 2023, the Named Plaintiffs jointly filed an Application for a Zoning Map Amendment seeking that the Properties be rezoned to Residential Roadside Business, which would permit them to be used for transient rental, just as if they were in the Transient Rental Overlay District.

20. On May 8, 2023, the City passed a moratorium on all applications which would in effect expand the Transient Rental Overlay District ("the Moratorium"). Presumably, the Moratorium would result in automatic denial of the Named Plaintiffs' Application.

21. The Named Plaintiffs' Application came on for hearing before the Sandusky City Planning Commission on May 24, 2023. Citing the Moratorium, by a 2 to 2 vote, the Planning Commission denied the Application. A copy of the decision denying the Application is attached as Exhibit D.

22. Following that Decision, due to the Moratorium, the City Commission initially refused to hold a hearing on the Named Plaintiffs' request, indicating that they had the right of direct appeal to the Erie County Common Pleas Court. A copy of the City's refusal is attached as Exhibit E.

23. Because of the City's refusal, the Named Plaintiffs were forced to file a direct appeal of the Planning Commission's decision in this Court. That appeal was denominated Case No. 2023 CV 0251.

24. One of the bases of that appeal was that the City denied the Named Plaintiffs' due process by denying them the right to a hearing before the City Commission on the Planning Commission's denial of the Named Plaintiffs' Application for Amendment to the City's Zoning map.

25. Eventually, the City conceded the point that because the Named Plaintiffs' Application was filed prior to the Moratorium, denial of a hearing before the City Commission of the Planning

Commission's Decision was tantamount to an unconstitutional ex post facto application of the Moratorium.

26. The final meeting was held on February 26, 2024, with the Commission unanimously denying the Named Plaintiffs' Application. A copy of the legislation denying the Application is attached as Exhibit F.

27. On December 18, 2023, the Named Plaintiffs filed an application for a transient rental permit under city Ordinance No. 1129.06 (e), governing "Tourist Rooms". To date, the City has neither granted or denied that Application.

28. Upon information and belief, the City is reading Subsection (e) of 1129.06 to require that the homeowner live in the home in order to rent to transients, such as a bed & breakfast.

## COUNT ONE

## DECLARATORY JUDGMENT (ALL PLAINTIFFS)

29. Plaintiffs restate each and every allegation and averment set forth above as if fully set forth herein.

30. R.C.§2721.03 allows a person affected by the enforcement of a municipal ordinance to have the Court of Common Pleas determine the validity of the ordinance under the U.S. Constitution.

31. Courts in Ohio have repeatedly held that the constitutionality of a municipal zoning ordinance may be challenged by way of a declaratory judgment action under R.C.§2721 or by way of an administrative appeal under R.C.§2506, or both. *Grossman v. City of Cleveland Heights,* 120 Ohio App3d 435 (8th Dist. 1997); *Jones v. Chagrin Falls,* 77 Ohio St.3d 456, 459 (1977).

32. This Action is brought under R.C.§2721.03 to have this Court determine that the City's Differentiation between persons seeking to transient rent their properties under Ordinance 1129.06 (e) and (g) is constitutional on its face and/or as applied to the Properties.

33. Plaintiffs seek judgment from this Court declaring that Differentiation in the application of the City's Zoning Ordinance Nos. 1129.06 (e) and (g) is unconstitutional on its face as to all Plaintiffs and/or as applied to the Named Plaintiffs.

## COUNT TWO

## PERMANENT INJUNCTION (ALL PLAINTIFFS)

34. Plaintiffs restate each and every allegation and averment set forth above as if fully rested herein.

35. Permanent injunctions are appropriate when considering the following factors: 1) whether the movant has succeeded on the merits; 2) whether there is a threat of irreparable harm to the movant; 3) balancing of harms to the movant with injury an injunction might inflict on other parties; and 4) the public interest. *Christian Em. All. V. United States Eq. Opp. Comm.,* 2024 U.S. Dist. LEXIS 39710, ¶29.

36. Considering the foregoing factors, Plaintiffs are entitled to a permanent injunction enjoining the City from Differentiating as to Plaintiffs in the application of Zoning Ordinances 1129.06 (e) and (g).

## COUNT THREE

## FACIAL UNCONSTITUTIONALITY OF DIFFERENTIATION BASED ON LACK OF SUBSTANTIAL RELATION (ALL PLAINTIFFS)

37. Plaintiffs restate each and every allegation and averment set forth above as if fully restated herein.

38. The United States Supreme Court held long ago that municipal ordinances can be declared to be unconstitutional when they are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare. *Euclid v. Ambler Realty Co.,*

(1926), 272 U.S. 356, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303, 414; *See also, Goldberg Cos. V. City of Richmond Heights,* (1998), 81 Ohio St.3d 207.

39. The Ohio Supreme Court has held that in applying the "substantial relation" test, "courts must strive to balance the benefits to the public against the disadvantages to the private interests of the landowner. *Jaylin Investments, Inc. v. Moreland Hills,* 107 Ohio St.3d 339, 2006-Ohio-4, ¶14.

40. In doing its balancing, a court must look not to what a municipality says, but to what it does. *Karches v. Cincinnati,* 38 Ohio St.3d 12, 22 (1988).

41. Here, the City itself expressed its intentions when permitting transient rental with respect to "Tourist Rooms" under Ordinance No. 1129.01 and 1129.06 (e), expressly finding allowance of such rental rentals in houses along State Routes within the City was consistent with the protection of the health, safety and welfare of its residents.

42. The City reaffirmed those intentions when adding the Transient Occupancy Overlay District legislation and regulations in 2017, making the application and operating requirements for transient rentals, whether denominated a Tourist Room under Subsection (e), or within the Overlay district exactly the same.

43. Given this, not only has the City disavowed the existence of any substantial relation in differentiating between transient rentals in the Tourist Room district and in the Overlay District and protection of a public interest, ***through its very language in adopting the 2017 transient rental laws which apply to both types of transient rentals, it has admitted that that there is no substantial relation.***

44. As the City cannot demonstrate the existence of a substantial relation in differentiating between Tourist Room transient rental and Overlay District transient rental and protection of a public interest, the City's attempt to do so is unconstitutional on its face.

## COUNT THREE

## AS APPLIED UNCONSTITUTIONALITY OF DIFFERENTIATION BASED UPON LACK OF SUBSTANTIAL RELATION (THE NAMED PLAINTIFFS)

45. Plaintiffs restate each and every allegation and averment set forth above as if fully restated herein.

46. Ohio courts have held that a zoning ordinance, constitutional on its face, may be held unconstitutional as applied to the particular property. *Kinzel v. Ebner,* 2023-Ohio-164, ¶71 (6th Dist.).

47. Given the demographics of the area where the Properties are located, particularly the ever-growing commercial nature thereof, restricting Plaintiffs to operating owner-occupied transient rental only does not have a substantial relation to the public health, safety or welfare.

48. The City's denial of the Named Plaintiffs' Application for a Zoning Map Amendment represents an as applied unconstitutional differentiation between Zoning Ordinance Subsections 1129.06 (e) and (g).

## COUNT FOUR

## FACIAL AND AS APPLIED UNCONSTITUTIONALITY BASED ON DENIAL OF DUE PROCESS AND LACK OF EQUAL PROTECTION (ALL PLAINTIFFS)

49. Plaintiffs restate each and every allegation and averment set forth above as if fully restated herein.

50. The Fourteenth Amendment of the U.S. Constitution guarantees all citizens due process and equal protection under law.

51. Ohio courts have held that zoning laws restricting use of property will be held to have satisfied the Due Process and Equal Protection requirements of the Constitution where the zoning authority can enunciate any state of facts justifying the restriction. *Euclid v. Fitzhum,* 48 Ohio app.2d 297, 300, 357 N.E.2d 402 (Cuyahoga Co. 1976).

52. The City's own expressed goals set forth in establishing residential districts as set forth in Ordinance No. 1129.01, and those in establishing the Transient Rental Overlay District in 1129.06 (g) focus on maintaining or improving the characteristics of neighborhoods and quality of life therein.

53. To require that an owner of property along a State Route can rent rooms to transient renters only if he or she lives in the home, as has been suggested by the City, serves none of the purposes stated by the City itself in Ordinance 1129.01 or 1129.06 (g), especially in the area where the Properties are located.

54. This point is emphasized by the City's declaration in 1129.06 (g) that: "The overlay district shall be created to spur investment in a declining geographical area with the goal of increasing property values and maintenance of homes in areas that are close in proximity to commercial and retail areas.

55. Therefore, Differentiation in application of Ordinance No. 1129.06 Subsections (e) and (g) to require that (e) requires the homeowner to reside in home in order to transient rent is unconstitutional on its face as to all Plaintiffs and the Proposed Class Properties and as applied to the Named Plaintiffs' Property.

## **COUNT FIVE**

## **UNCONSTITUTIONALITY BASED ON VOID FOR VAGUENESS (ALL PLAINTIFFS)**

56. Plaintiffs restate each and every allegation and averment set forth above as if fully restated herein.

11

57. Citing *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972), the Court in *Viviano v. City of Sandusky,* 2013-Ohio-2813, at ¶13, held that a zoning ordinance is unconstitutional "when it does not clearly define what acts are prohibited under it and found that the City's predecessor transient rental ordinance was unconstitutional as being void for vagueness.

58. The *Viviano* Court further held that for an ordinance to pass muster under the void-for vagueness doctrine, it must survive a tripartite analysis: 1) the ordinance must provide fair warning to the ordinary citizens of what conduct is proscribed, 2) the ordinance must preclude arbitrary, capricious, and discriminatory enforcement, and 3) the ordinance must not impinge constitutionally protected rights. *Id.*

59. When examining the language of Subsection (e) of 1129.06, regulating Tourist Room transient rental, and that of Subsection (g), establishing the Transient Occupancy Overlay District, it appears that they are virtually identical in requirements. The relevant language of each is as follows:

- "(e)    Tourist Rooms. ***The renting from a resident family*** of not more than 3 rooms is permitted in residential districts on the lot abutting a state highway provided that … (stating exterior requirements)

- "(g)    Transient Occupancy Occupancy District. ***The renting from a resident family*** to other individuals for the purposes of transient occupancy is permitted within an approved Transient Occupancy Overlay District." (Emphasis added)

60. Clearly the above statutory framework fails to indicate why an owner of property in a Tourist Room District (i.e., abutting a state highway), can rent to transients only if he or she resides in the residence.

61. This point is emphasized by the fact that the application and operating regulations is identical for all transient rentals, whether in the Tourist Room or Overlay District.

12

62. Given the above, Subsection (e) of 1129.06 is facially unconstitutional as being void for vagueness.

## COUNT SIX

### VIOLATION OF 42 U.S.C.§1983 (ALL PLAINTIFFS)

63. Plaintiffs restate each and every allegation and averment set forth above as if fully restated herein.

64. 42 U.S.C.§1983 provides that any person who, under color of law, is deprived of his or her rights under the U.S. Constitution, may seek redress for damages suffered by such deprivation.

65. The City's depriving Plaintiffs the right to rent their properties in the same manner allowed in the Overlay District constitutes a deprivation of property rights secured by the U.S. Constitution, and thus a violation of 42 U.S.C.§1983.

66. As a direct and proximate result of the City's violation of §1983, Plaintiffs have suffered and will continue to suffer loss of income damages.

Wherefore, Plaintiffs pray judgment as follows:

    A. Declaring that a differentiation between the transient rental requirements under Subsection (e) and (g) of Ordinance 1129.06 is unconstitutional on its face as to the Proposed Class Properties and as applied to the Named Plaintiffs' Properties; and

    B. Issuing a Permanent Injunction enjoining the City from Differentiation between the Proposed Class Properties and other properties in the application of Zoning Ordinance subsections 1129.06 (e) and (g); and

    C. Ordering the City to grant the Named Plaintiffs' Application for a rezoning of their Properties from R-1 to Residential Roadside Business, or otherwise to allow the Properties to be rented for transient occupancy as if in the Overlay District; and

13

D. Awarding Plaintiffs damages in an amount exceeding Twenty-Five Thousand Dollars ($25,000); and

E. For costs and attorney fees incurred; and

F. For such other and further relief as the Court may deem just and proper.

/s/ *Daniel L. McGookey*
DANIEL L. MCGOOKEY (0015771)
**MCGOOKEY LAW OFFICES. LLC**
Sandusky, Ohio  44870
(419) 502-7223
FAX (419) 502-0044
dmcgookey@mcgookeylaw.com
Counsel for Plaintiffs
Blake McGory
Elaine McGory
Jeffrey Larson
Ernest & Catherine Ettorre

## JURY DEMAND

Plaintiffs demand trial by jury on all claims made herein.

## CERTIFICATION

This is to certify that a copy of the foregoing was served by Electronic Mail (E-Mail) on this 2nd day of April, 2024 to the following:

Stewart Hastings
Law Director, City of Sandusky
240 Columbus Ave.
Sandusky, OH  44870
shasting@cityofsandusky.com

*/s/Daniel L. McGookey*
DANIEL L. MCGOOKEY (0015771)
**MCGOOKEY LAW OFFICES. LLC**
Counsel for Plaintiffs
Blake McGory
Elaine McGory
Jeffrey Larson
Ernest & Catherine Ettorre