UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Blake McGory, *et al.*,                                    Case No. 3:24-cv-567

        Plaintiffs,

    v.                                                              MEMORANDUM OPINION
                                                     AND ORDER

City of Sandusky, Ohio,

        Defendant.


## I.    INTRODUCTION

Plaintiffs Blake McGory, Elaine McGory, Ernest Ettore, Catherine Ettore, and Jeffrey C. Larson filed a motion for class certification in this putative class action. (Doc. No. 7). Defendant City of Sandusky opposed the motion, (Doc. No. 15), and Plaintiffs filed a brief in reply. (Doc. No. 17). Sandusky filed a motion asking me to disregard an affidavit Plaintiffs attached to their reply brief, (Doc. No. 19), which Plaintiffs opposed. (Doc. No. 21).

After Sandusky filed its opposition to McGory's motion for class certification, Plaintiffs moved for leave to file a third amended complaint. (Doc. No. 16). Sandusky opposed this motion, too. (Doc. No. 18). McGory filed a brief in reply. (Doc. No. 20). For the reasons stated below, I grant Plaintiffs' motion for leave to file a third amended complaint, and I deny Plaintiffs' motion for class certification and Sandusky's motion to disregard the affidavit as moot.

## II.    BACKGROUND

This is a dispute over local ordinances in the City of Sandusky, Ohio, regulating the circumstances under which a homeowner may rent out their home to temporary visitors for profit.

Plaintiffs own four homes and one vacant parcel of land abutting State Route 6 in Sandusky. (Doc. No. 4 at 1, 2). Sandusky Municipal Code § 1129.06(e) permits "[t]he renting from a resident family of not more than 3 rooms . . . in residential districts on the lots abutting a state highway" subject to requirements regarding changes to the exterior of the dwelling, advertising, and parking. (*Id.* at 3-4) (quoting Sandusky Mun. C. § 1129.06(e)).

Subsection (g) of this ordinance states, "[t]he renting from a resident family to other individuals for the purposes of transient occupancy is permitted within an approved Transient Occupancy Overlay District," which is a zoning district designed "to spur investment in a declining geographic area with the goal of increasing property values and maintenance of homes in areas that are close in proximity to commercial and retail areas." (Doc. No. 4 at 4) (quoting Sandusky Mun. C. § 1129.06(g)(1)(A)). Sandusky has created a Transient Occupancy Overlay District, but it does not include Plaintiffs' properties. (*See* Doc. No. 4 at 6). Plaintiffs allege the references in §§ 1129.06(e) and (g) to "transient[s]" refer to temporary visitors or tourists. (*See* Doc. No. 4 at 3-5).

Plaintiff Blake McGory has spent over $200,000 "in the expectation that he would be able to rent [his] Property to transient renters." (*Id.* at 3). In April of 2023, he and the other plaintiffs filed a joint application to have their properties "rezoned to Residential Roadside Business, which would permit them to be used for transient rental." (*Id.* at 6). In December of 2023, Plaintiffs filed an application for transient rental permits under § 1129.06(e). (*Id.* at 7). Sandusky denied the joint application for rezoning on February 26, 2024. (*Id.*). The application for the transient rental permits remains pending. (*Id.*).

Plaintiffs assert the City of Sandusky unreasonably differentiates between properties within the Transient Occupancy Overlay District and properties outside of the Overlay District. They allege Sandusky "require[s] that the homeowner live in the home in order to rent to transients" for properties outside the Overlay District but not for properties within the Overlay District. (*Id.* at 7).

Plaintiffs purport to "seek certification of a class consisting of those persons owning real estate located in a residential district within the City of Sandusky, Ohio, abutting a state highway." (*Id.* at 2). "Upon information and belief," they allege that "the Proposed Class consists of at least two hundred . . . persons." (*Id.*).

Plaintiffs allege Sandusky's differential application of these two ordinances is facially unconstitutional as to all plaintiffs, and unconstitutional as applied to the named plaintiffs, because it is "clearly arbitrary and unreasonable." (*Id.* at 9-10). They assert the differential interpretation and application of these two ordinances is an unconstitutional denial of due process and equal protection, both facially as to all plaintiffs and as applied to the named plaintiffs. (*Id.* at 10-11). Plaintiffs also allege § 1129.06(e) is "facially unconstitutional as being void for vagueness." (*Id.* at 13). Finally, Plaintiffs bring a claim under 42 U.S.C. § 1983 for the unconstitutional deprivation of their property under color of state law. (*Id.* at 13).

Plaintiffs seek a declaratory judgment that "[d]ifferentiation in the application of the City's Zoning Ordinance Nos. 1129.06 (e) and (g) is unconstitutional on its face as to all Plaintiffs and/or as applied to the Named Plaintiffs." (*Id.* at 8). They seek a permanent injunction "enjoining the City from Differentiating as to Plaintiffs in the application of Zoning Ordinances 1129.06 (e) and (g)." (*Id.*). They seek a separate injunction ordering Sandusky to grant their rezoning application or allow them to rent their properties to tourists. (*See id.* at 13). They also seek damages for the loss of their rental income, along with attorneys' fees and court costs. (*Id.* at 13-14).

The operative complaint is Plaintiffs' Second Amended Complaint. (*See* Doc. No. 4). This action was originally filed in the Erie County Court of Common Pleas, with only Blake McGory and Elaine McGory as plaintiffs. *See McGory v. City of Sandusky*, Case No. 2024 CV 0075, Complaint (Erie Cnty. C.P. Feb. 26, 2024). The plaintiffs amended their initial complaint, without opposition, to add Jeffrey C. Larson, Ernest Ettore, and Catherine Ettore as plaintiffs. *See McGory v. City of Sandusky*,

3

Case No. 2024 CV 0075, Amended Complaint (Erie Cnty. C.P. March 15, 2024).  The amended complaint alleged various constitutional violations, and it asked for declaratory relief, injunctive relief, and damages.  *See id.*  It did not purport to be a class action at that time, and it contained no class allegations.  *See id.*

Sandusky removed to this court on March 27, 2024.  (Doc. No. 1).  On April 2, 2024, Plaintiffs filed their Second Amended Complaint, (Doc. No. 4), which I permitted because "it is the custom of this Court to be liberal in permitting a plaintiff to amend the complaint after an action has been removed from state court."  (Doc. No. 11 at 1).  Unlike the first two complaints filed in state court, Plaintiffs' Second Amended Complaint purports to be a class action.  (*See* Doc. No. 4 at 2).

Plaintiffs' proposed Third Amended Complaint also purports to be a class action brought on behalf of more than 200 homeowners in Sandusky related to restrictions on transient rentals.  (Doc. No. 16-1 at 2-3).  Like the Second Amended Complaint, the proposed Third Amended Complaint alleges § 1129.06(e) is void for vagueness; that Sandusky's differential application of §§ 1129.06(e) and (g) is "clearly arbitrary and unreasonable" and also violates guarantees of equal protection and due process; and that Sandusky's differential application of the two ordinances violates 42 U.S.C. § 1983 by depriving Plaintiffs of their property in violation of the Constitution.  (*See* Doc. No. 16-1).  Both the Second Amended Complaint and proposed Third Amended Complaint seek declaratory and injunctive relief to allow Plaintiffs to rent their homes to transient renters.  (*See* Doc. No. 4 at 13-14; Doc. No. 16-1 at 13-14).

The two pleadings differ in some ways.  The proposed Third Amended Complaint has a new heading captioned "Class Allegations (LOC R. 23.1)," and the allegations under that heading contain some new details, such as defining the class to now include certain "future homeowners" in Sandusky in addition to current homeowners.  (Doc. No. 16-1 at 2).  The proposed new complaint also adds allegations related to Blake McGory's suitability to serve as Class Representative.  (*See id.*).

4

In addition, the proposed Third Amended Complaint removes allegations related to Plaintiffs' loss of income and expenditure of funds, and it does not request money damages for any plaintiff—though it does still request attorneys' fees and court costs. (*See* Doc. No. 16-1 at 13). The proposed Third Amended Complaint would also allege that Blake McGory filed an application for a transient rental permit, rather than all "Named Plaintiffs." (*See* Doc. No. 16-1 at 7; Doc. No. 4 at 6). It would not specifically ask for an injunction requiring any application for a transient rental permit to be granted. (*See* Doc. No. 16-1 at 12-13). In addition, the proposed Third Amended Complaint makes some organizational changes, such as modifying the order in which some of the claims are listed.

### III. ANALYSIS

#### A. PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th

5

Cir. 1973). Further, "[d]elay by itself is not sufficient to deny a motion to amend." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

Sandusky argues Plaintiffs' motion should be denied because allowing them to amend their complaint again at this stage of the case would cause Sandusky substantial prejudice. (Doc. No. 18 at 2-3). It identifies two ways it would suffer such prejudice.

First, it argues that granting the motion for leave to amend the complaint would "moot" the pending motion for class certification and "would result in a considerable waste of time, money, and resources for the parties and would unduly delay the resolution of the case." (*Id.* at 3). Second, it argues allowing Plaintiffs to drop the § 1983 claim voluntarily would cause it prejudice by allowing Plaintiffs "to obtain a procedural advantage by amending its pleading to remove [a] claim[] that could be re-asserted later on." *Id.* at 4). Sandusky proposes, as an "alternative to denying Plaintiffs' Motion for Leave to Amend altogether," that I "grant Plaintiffs' Motion on the condition that Plaintiffs' § 1983 claim be dismissed with prejudice." (*Id.* at 5). In response, Plaintiffs argue Sandusky would suffer no prejudice if they are granted leave to amend, and they state they are "only foregoing monetary damages" on their § 1983 claim, not dropping the claim in its entirety. (Doc. No. 20 at 2).

In this context, prejudice means the "expend[iture] [of] significant additional resources to conduct discovery and prepare for trial" or "significant[] delay [in] the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). "[D]eciding if any prejudice to the opposing party is 'undue' requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing . . . and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously." *Gregg v. Ohio Dep't of Youth Servs.*, 661 F. Supp. 2d 842, 849 (S.D. Ohio 2009) (citations omitted). *See also Gen. Elec. Co.*, 916 F.2d at 1130 (finding the plaintiff

6

had not made a showing it suffered prejudice because it "[did] not argue that it would have done anything differently" if the amendment had been present in the defendant's initial pleading).

First, and most importantly, the early stage of this case minimizes the potential prejudice to Sandusky. I have not yet issued a scheduling order pursuant to Rule 16(b)(1) in light of Plaintiffs' motion for class certification, and the parties are conducting only "mutually-agreeable discovery" at this time for the same reason. (*See* non-document order dated April 10, 2024). While Sandusky has expended some resources on motion practice in this case, granting Plaintiffs leave to amend "will not require the defendant[] to expend significant additional resources and will not result in any serious disruption of this case." *Gregg*, 661 F. Supp. 2d at 850 (granting leave to amend after discovery was completed and after the defendant filed its motion for summary judgment). Moreover, "there is no evidence of any undue delay, bad faith, or dilatory motive on the part of [Plaintiffs] or [their] counsel." *Id.* at 849-50. Instead, Plaintiffs moved for leave to amend their complaint just two months after filing their Second Amended Complaint and less than three months after the case was removed to this Court. (*See* Doc. Nos. 4 & 16).

Second, the prejudice to Sandusky caused by any expenditure of time and resources spent on motion practice is not substantial. I have not ruled on the motion for class certification, so granting leave to amend would not erase a prior legal result favorable to either party. Moreover, even if the filing of a Third Amended Complaint precedes another motion for class certification, the proposed Third Amended Complaint does not differ so markedly from the Second Amended Complaint that Sandusky's conduct in this litigation would be "substantially different." *Gregg*, 661 F. Supp. 2d at 849. Both complaints assert the same types of constitutional violations, both purport to be class actions brought on behalf of at least 200 Sandusky homeowners, and both ask for declaratory and injunctive relief aimed at removing a restriction on transient renting in the city. As such, if Sandusky files a brief in opposition to a future motion for class certification, it can "minim[ize] expenditure of

7

further time or resources" by "re-stating or incorporating" arguments it previously developed, to the extent those arguments are applicable. *Vierstra v. Hamilton*, Case No. 2:23-cv-3042, 2024 WL 3754881 at *2 (S.D. Ohio August 12, 2024).

Finally, there is no indication, at this time, that Plaintiffs plan to "re-assert their § 1983 [money damages] claim in the future." (Doc. No. 18 at 4). Instead, the proposed amendments appear related to the Plaintiffs' existing class action allegations, and they are consistent with Plaintiffs' choice to litigate this case as a putative class action in federal court. Therefore, Sandusky's claims of prejudice are speculative at this juncture. Nevertheless, I note Sandusky's concern that Plaintiffs may try to re-assert a claim for money damages later if they fail to achieve class certification. In the interest of fairness and judicial economy, I will not entertain a future motion for leave to amend seeking to re-assert a claim for money damages.

Because Sandusky has not demonstrated it will suffer "substantial prejudice" from an amendment at this stage, and because Sandusky does not identify any other reason to deny leave to amend, I grant Plaintiffs' motion for leave to amend their Second Amended Complaint. *Hageman*, 486 F.2d 479 at 484.

### B. MOTION FOR CLASS CERTIFICATION AND MOTION TO DISREGARD

An amended complaint "supersedes all previous complaints and controls [the] case from that point forward." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). In their motion for leave to amend, Plaintiffs assert that "[t]he purpose of the Third Amended [C]omplaint" is to address "two issues with [the] Second Amended Complaint bearing on the class certification question." (Doc. No. 16 at 1-2). As I explained above, the proposed amendments do appear related to the class action allegations in this case. The current briefing on Plaintiffs' motion for class certification does not address those amendments. *Cf. Barrett v. ADT Corp.*, Case No. 2:15-cv-1348, 2016 WL 865672 at *5 (S.D. Ohio March 7, 2016) (ruling on plaintiffs' motion for class certification

8

and motion for leave to amend because it had "sufficient information in front of it" to address both "of Plaintiff's proposed classes").

Therefore, in light of the forthcoming filing of Plaintiffs' Third Amended Complaint, I deny Plaintiffs' motion for class certification as moot. *See Braun v. Coulter Ventures, LLC*, Case No. 2:19-cv-5050, 2020 WL 5909004 at *3 (S.D. Ohio Oct. 5, 2020). And because I deny Plaintiffs' motion for class certification as moot, I likewise deny Sandusky's motion to disregard an affidavit as moot.

## IV. CONCLUSION

For the reasons stated above, I grant Plaintiffs' motion for leave to amend. (Doc. No. 16). I deny Plaintiffs' motion for class certification, (Doc. No. 7), and Sandusky's related motion to disregard an affidavit, (Doc. No. 19), as moot. Plaintiffs shall file their Third Amended Complaint within seven days of the date of this Memorandum Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge